**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DAVID ROBERT BENTZ, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | **Case No. 17-cv-315-MJR** |
| | ) | |
| **SALVADOR GODINEZ, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is once again before the Court for case management.

### Filing Fees

On August 8, 2017, this Court issued an Order dismissing several plaintiffs from this action for various reasons. (Doc. 98). Dismissed plaintiffs Reed, Nelson, and Perez filed responses to this Court's Order (Doc. 98) indicating they had not signed any complaint or other document in this action, despite the appearance of their signatures on one or more documents, and seeking absolution from responsibility for paying the filing fee in this action because of this. *See* (Docs. 119, 114, 120). The Court ordered these plaintiffs to file affidavits under penalty of perjury attesting that they had not signed the filings in this case or were not aware that documents they signed would be filed in a lawsuit. (Docs. 108, 114). These plaintiffs were warned that failure to comply would result in their obligation to pay the filing fee in this case. *Id.*

The deadlines for responses to this Court's Orders (Docs. 108, 114) have long passed. Plaintiff Nelson did not respond to the Order at Doc. 114, so he will remain obligated to pay the filing fee in this action, per this Court's Order at Doc. 98. Plaintiffs Reed and Perez filed satisfactory responses to this Court's Orders, at Doc. 119 and Doc. 120 respectively, so they will

1

no longer be responsible for paying the filing fee in this action.

## Unique Complaints

Because plaintiffs Crenshaw and Elias Diaz filed multiple complaints in this action on their own behalves, this Court ordered them to sign and return the operative First Amended Complaint. *See* (Doc. 98). They did so at Docs. 102 and 116, and the Court now considers them to be in compliance with Rule 11. No further action on their part is required at this time.

## Pending Motions

Plaintiff Jeffrey Blaney filed a Response and Consolidated Motions for Extension of Time and to Sever, or, Alternatively, Motion to Withdraw from the Potential Class Action (Doc. 118). This Motion is hereby **GRANTED** as follows and as outlined in the disposition. Blaney will be dismissed from this action, a new action will be opened in his name, he will be given 30 days within which to file an amended complaint, and the Clerk will be directed to send him a blank Motion to Proceed *In Forma Pauperis*.

Because Reed is no longer responsible for paying the filing fee in this action, his Motion for Leave to Proceed *In Forma Pauperis* (Doc. 11) is hereby **DENIED** as **MOOT**.

Plaintiff Bentz filed a Motion to Supplement Exhibit to Complaint (Doc. 110), which is hereby **STRICKEN**. In his Motion (Doc. 110), Plaintiff Bentz requests that this Court consider certain documents to be exhibits to the operative complaint. Plaintiff Bentz is the only individual to have signed the Motion, however, and this Court has issued multiple warnings, (Doc. 3); (Doc. 29, p. 7); (Doc. 50), that such group filings would be stricken because each Plaintiff must sign documents for himself or herself and a non-attorney cannot file or sign papers for another litigant. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11. Furthermore, this Court does not accept piecemeal amendments to a complaint, which is

what this supplement would be.

For the same reasons, Plaintiff Crenshaw's Motion to Amend/Correct [102] Amended Complaint (Doc. 117) is also **STRICKEN**. Plaintiffs Crenshaw and Bentz are the only plaintiffs to have signed this Motion, and the Motion would act as yet another piecemeal amendment to the First Amended Complaint.

Because Plaintiff Bentz is the only Plaintiff to have signed his Motion to Identify Jane Doe Defendant (Doc. 113), it is also hereby **STRICKEN**.

Plaintiff Bentz has also filed a Second Motion (Request) for Video Conference (Doc. 107). This Motion is **DENIED**. Plaintiff cites "bad communication issue[s]" and "conflicting court orders" as reasons for the need for a video conference. (Doc. 107, p. 1). He does not, however, explain why written motions to reconsider any orders of this Court he takes issue with would be inferior to a video conference. Furthermore, the Court has yet to conduct its threshold review pursuant to 28 U.S.C. § 1915A, and no defendants have been served in this action, so any video conference in this matter would be premature and inappropriate.

The following Motions for Leave to Proceed *In Forma Pauperis* (Docs. 5-7, 16, 31, 42, 76, and 81), Motions to Appoint Counsel (Docs. 22, 77, 82, and 88), and Motion for Service of Process at Government Expense (Doc. 83) will be addressed in separate orders of this Court.

## Disposition

**IT IS HEREBY ORDERED** that **REED** and **PEREZ** are absolved of their obligation to pay the filing fee in this action. **NELSON**, however, remains obligated to pay the fee, pursuant to this Courts Order at Doc. 98. All three of these individuals remain dismissed from this action with prejudice.

**IT IS FURTHER ORDERED** that **JEFFREY BLANEY** is **TERMINATED** from this

action. The Clerk is **DIRECTED** to open a new case for Blaney, captioned **JEFFREY BLANEY, Plaintiff v. SALVADOR GODINEZ, DONALD STOLWORTHY, GLADYSE TAYLOR, MICHAEL RANDLE, TY BATES, HENRY BAYER, JOHN R. BALDWIN, KIMBERLY BUTLER, RICK HARRINGTON, MICHAEL ATCHINSON, SHANNIS STOCK, ALEX JONES, TODD BROOKS, ANTHONY WILLIAMS, JACQUELINE A. LASHBROOK, DOUG LYERLA, WILLIAM REES, BRAD THOMAS, TONY FERRANTO, KEVIN HIRSCH, RICHARD PAUTLER, JAMES R. BROWN, JOSPEH COWAN, CHAD E. HASEMEYER, PAGE, RICHARD D. MOORE, PAUL OLSON, BRIAN THOMAS, BILL WESTFALL, ROBERT DILDAY, EOVALDI, ROBERT HUGHS, RAYMOND ALLEN, JAY ZIEGLER, JAMES BEST, LT. WHITELY, CLINT MAYER, KENT BROOKMAN, MICHAEL SAMUEL, TORVILLE, WILLIAM QUALLS, JAMES A. HOPPENSTED, FRICKY, ROGER SHURTZ, JOSHUA BERNER, DANIEL DUNN, HARRIS, ANTHONY WILLS, SIMMONS, MCDANIELS, SPILLER, DONALD LINDENBERG, VERGIL SMITH, KARUSE, REBECCA CREASON, DR. BAIG, MISS GREATHOUSE, MISS WHITESIDE, DR. HILLERMAN, MISS DELONG, DR. KEWLKOWSK, SGT. GRAW, SGT. MCCLURE, GAIL WALLS, TONYA KNUST, BRAD BRAMLET, MISS NEW, SHANE GREGSON, JENNIFER CLENDENIN, MORGAN TEAS, DIA RODELY, KELLIE S. ELLIS, RODNEY ROY, LAFONE, CARLA DRAVES, VERGIL SMITH, SUSAN HILL, MARK PHONIX, J. COWAN, K. ALLSUP, BETSY SPILLER, JEANETTE COWAN, LORI OAKLEY, LINDA CARTER, MARVIN BOCHANTIN, KELLY PIERCE, SHERRY BENTON, TERRI ANDERSON, SARA JOHNSON, JAMI WELBORN, HURST, RAKERS, MCNEW, M. PRANGE, BRINKLEY, SIMPSON, OBUCINA, FISCHER, B. SMITH, JEFF HUCHINSON, BRUCE**

**RAUNER, MICHAEL MONJIE, J. WHITLEY, ELLIS, THE ILLINOIS DEPARTMENT OF CORRECTIONS, MENARD CORRECTIONAL CENTER, WEXFORD HEALTH SERVICES, INC., UNIDENTIFIED JOHN AND JANE DOES, and A.F.S.C.M.E. UNION LOCAL 1175 COUNSEL 31 MEMBERS, Defendants**.

The Clerk is further **DIRECTED** to file the following documents in this newly opened case: (1) this Memorandum and Order and (2) the First Amended Complaint (Doc. 99).

The Clerk is further **DIRECTED** to change the caption of *this* case to remove **JEFFREY BLANEY** as a Plaintiff, as he will not proceed in this action along with the remaining plaintiffs.

Plaintiff Blaney is **GRANTED** leave to file a "Second Amended Complaint" in the case opened in his name **on or before November 13, 2017.** Should he fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the Court will still review the First Amendment Complaint (Doc. 99), as it applies to him, pursuant to 28 U.S.C. § 1915A.

When Plaintiff Blaney prepares his Second Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "Second Amended Complaint," and he should use the case number for the action opened in his name. Only the remaining plaintiffs in this action, Bentz, Fields, Diaz, and Crenshaw, should use *this* case number.

Plaintiff Blaney's pleading shall present each claim in a separate count, and each count shall specify, by name, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff Blaney should attempt to include the facts of his case in chronological order, inserting any defendant's name where necessary to identify the actors. Plaintiff Blaney should refrain from filing unnecessary exhibits. Plaintiff Blaney

should include only related claims in his new complaint. Claims found to be unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff Blaney to comply with this order, the **CLERK** is **DIRECTED** to mail him a blank civil rights complaint form and a blank motion to proceed *in forma pauperis* form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff Blaney must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint.

Plaintiff Blaney is **ADVISED** that his obligation to pay the filing fee was incurred at the time this action was filed, thus the filing fee remains due and payable, regardless of whether the plaintiff elects to file an amended complaint in his case. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Plaintiffs Bentz, Fields, Diaz, and Crenshaw will be assessed a filing fee in this action. Plaintiff Blaney will be assessed a filing fee in his new case.

The **CLERK** is further **DIRECTED** to send a copy of this Order to Plaintiffs Blaney, Bentz, Fields, Diaz, and Crenshaw.

Plaintiffs are **ADVISED** that both cases are still subject to preliminary review pursuant to 28 U.S.C. § 1915A. No service shall be ordered in the present case or the severed case until the § 1915A review is completed.

Plaintiffs are further **ADVISED** that each of them is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his or her address;

the Court will not independently investigate a plaintiff's whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution as to any plaintiff that fails to comply. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: October 13, 2017**

s/ MICHAEL J. REAGAN
United States Chief District Judge
