IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JEFFREY BLANEY,**
**No. B80790,**

      **Plaintiff,**

    vs.                                    Case No. 17-cv-1099-DRH

**SALVADOR GODINEZ, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Jeffrey Blaney, presently incarcerated at Menard Correctional Center ("Menard"), brings this *pro se* action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff claims that, since 1997, Menard officials have denied him access to the courts. Plaintiff also attempts to bring Eighth Amendment claims pertaining to the soy-based diet served at Menard (and the medical treatment he received for complications allegedly related to that diet) and Menard's provision of clothing and hygiene items. In connection with these claims, Plaintiff has named 103 defendants.[1]

---

[1] Plaintiff has named the following as defendants: Raymond Allen, K. Allsup, Terri Anderson, Michael Atchinson, Dr. Baig, John R. Baldwin, Ty Bates, Henry Bayer, Sherry Benton, Joshua Berner, James Best, Marvin Bochantin, Brad Bramlet, Brinkley, Kent Brookman, Todd Brooks, James R. Brown, Kimberly Butler, Linda Carter, Jennifer Clendenin, J. Cowan, Jeanette Cowan, Joseph Cowan, Rebecca Creason, Miss Delong, Robert Dilday, Unidentified John and Jane Does, Carla Draves, Daniel Dunn, Ellis, Kellie S. Ellis, Eovaldi, Tony Ferranto, Fischer, Fricky, Salvador Godinez, Sgt. Graw, Miss Greathouse, Shane Gregson, Rick Harrington, Harris, Chad E. Hasemeyer, Susan Hill, Dr. Hillerman, Kevin Hirsch, James A. Hoppensted, Jeff Huchinson, Robert Hughs, Hurst, Sara Johnson, Alex Jones, Karuse, Kewlkowsk, Tonya Knust, LaFone, Jacqueline A. Lashbrook, Donald Lindenberg, Doug Lyerla, Clint Mayer, Sgt. McClure, McDaniels, McNew, Michael Monjie, Richard D. Moore, Miss New, Lori Oakley, Obucina, Paul Olson, Page,

1

Plaintiff was originally one of several plaintiffs in a multi-plaintiff action filed by David Robert Bentz. *See Bentz v. Godinez,* No. 17-cv-315-MJR. After several case management orders, Plaintiff's claims were severed into a new action. (Doc. 1). The severance order directed Plaintiff to file a Second Amended Complaint on or before November 13, 2017. (Doc. 1, p. 5). Thereafter, Plaintiff requested and received two extensions to file his Second Amended Complaint. (Docs. 8 and 10).

Plaintiff's Second Amended Complaint (Doc. 11) is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

**<u>Merits Review – Applicable Standards</u>**

*Section 1915A*

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). In addition,

---

Richard Pautler, Mark Phonix, Kelly Pierce, M. Prange, William Qualls, Rakers, Michael Randle, Bruce Rauner, William Rees, Dia Rodely, Rodney Roy, Michael Samuel, Roger Shurtz, Simmons, Simpson, B. Smith, Vergil Smith, Betsy Spiller, Shannis Stock, Donald Stolworthy, Gladyse Taylor, Morgan Teas, Brad Thomas, Brian Thomas, Torville, Gail Walls, Jamie Welborn, Bill Westfall, Lt. Whitely, Miss Whiteside, J. Whitley, Anthony Williams, Anthony Wills, and Jay Ziegler.

the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). *See also Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements").

*Rule 8*

In order to state a claim, a complaint must also comply with Rule 8 by providing "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The primary purpose of these pleading requirements is to give defendants fair notice of the claims against them and the grounds supporting the claims. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). *See also United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."). Under Rule 8, Plaintiffs are also required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 555 (2007); FED. R. CIV. P. 8(a)(2). Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Moreover, vague references to a group of "defendants," without specific allegations tying the individual defendants to the alleged unconstitutional conduct, do not raise a genuine issue of material fact with respect to those defendants. *See Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003) (finding dismissal of named defendant proper where plaintiff failed to allege defendant's personal involvement in the alleged wrongdoings); *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996).

*Severance*

As a part of screening, the Court is also allowed to sever unrelated claims against different defendants into separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In *George*, the Seventh Circuit emphasized that the practice of severance is important, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *Id*. This practice is encouraged. The Seventh Circuit Court of Appeals has recently warned district courts not to allow inmates "to flout the rules for joining claims and defendants, *see* FED. R. CIV. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). *See also Wheeler v. Talbot*, -- F. App'x --, 2017 WL 2417889 (7th Cir. 2017) (district court

4

should have severed unrelated and improperly joined claims or dismissed one of them).

**<u>Second Amended Complaint</u>**

The Second Amended Complaint includes a number of allegations that are not associated with any specific defendant. These allegations can be roughly divided into three sets of claims: (1) access to the courts; (2) provision of clothing, towels, and hygiene items; and (3) soy-based diet.

*Access to the Courts (Count 1)*

Plaintiff claims that, since 1997, Defendants have denied him access to the courts in a number of ways. Plaintiff generally alleges that Menard denies prisoners (including Plaintiff) access to the courts by (1) failing to provide an adequate law library; (2) confiscating and withholding legal materials; and (3) failing to provide indigent prisoners with the necessary drafting and mailing materials (Doc. 11, pp. 11). Plaintiff also contends that various practices at Menard have interfered with his ability to access the courts, including but not limited to the following practices and/or policies: (1) limiting the amount of time prisoners may spend in the law library; (2) use of "inmate runners" to retrieve legal research; (3) overuse or improper use of "lockdowns" for excessive periods of time; (4) requiring prisoners to store excess legal materials in a separate building (and failing to provide adequate access to that building); (5) allowing IDOC's tactical response team to search prisoners' cells and destroy or displace legal materials located therein; and (6) failing to provide indigent prisoners with

sufficient materials at no charge (i.e. paper, pens, and envelopes); (Doc. 11, pp. 11-18).

Plaintiff's access to the courts claims are directed against generic groups including: (1) "Defendants;" (2) "Defendants who are ultimately responsible for the law library;" (3) "the administrative defendants;" (4) "the property room defendants;" (5) "those ultimately responsible for the policies, practices, and procedures concerning the administration and safeguarding the personal property under their control;" (6) "IDOC employees;" and (7) "Menard Defendants." (Doc. 11, pp. 11, 14-16, 20).

Plaintiff also claims that "Defendants" confiscated his "irreplaceable intellectual work products (over 1,000 pages of manuscript for a book written by hand on toilet paper, the back of case laws, and scrap paper, as well as a 60 page business plan) and properties, legal research materials, legal research, evidence, law books, legal documents, and other irreplaceable legal records during cell searches." (Doc. 11, pp. 17-21).

Plaintiff alleges that, over the years, he has filed (or contemplated filing) numerous cases challenging his conditions of confinement and/or underlying convictions. (Doc. 11, pp. 11-21). According to Plaintiff, the policies and practices described above have prevented him from successfully pursuing these claims or from filing them in the first instance because he is unable to complete legal research he believes is a prerequisite to pursuing his claims. *Id*.

Plaintiff also alleges that, because of the above described policies and

practices, he was unable to file a civil rights lawsuit pertaining to being assaulted by another inmate in 2014 (and claims related thereto). (Doc. 11, p. 23).[2]

### *Hygiene Items, Clothing, and Towels (Count 2)*

Plaintiff also claims that, over the past 15 years, he has been denied access to adequate hygiene materials and clothing. (Doc. 11, p. 22). Specifically, Plaintiff objects to restrictions on the amount of soap, shampoo, deodorant, and toothpaste/tooth brushes provided to indigent inmates. *Id.* He also objects to how often indigent inmates are permitted to exchange clothing and towels. *Id.* He claims that these policies constitute cruel and unusual punishment. *Id.* He also claims that, as a result of these policies, he has suffered numerous skin infections. *Id.* Plaintiff does not identify any specific defendant in connection with these claims.

### *Soy –Based Diet (Counts 3 and 4)*

According to the Complaint, in or around 2012, "the Defendants" started serving "excessive amounts of soy based food as a substitute for and in place of meat based protein." (Doc. 11, p. 24). Plaintiff claims the soy was often not fully cooked and/or not properly processed. *Id.* Plaintiff alleges that in 2012, shortly after starting the soy based diet, he "started having severe abdominal pains, spastic colon, constant acid reflux, constipation, hemorrhoids, fatigue, intolerance

---

[2] Plaintiff claims that John Doe Correctional Officers failed to protect him from an assault by his cellmate. (Doc. 11, p. 23). Plaintiff also claims that he was denied medical care following the assault and was subjected to unconstitutional conditions of confinement when he was placed in segregation. *Id.* The Court does not interpret the Complaint as attempting to assert independent Eighth Amendment claims for failure to protect and/or deliberate indifference stemming from the assault. Instead, Plaintiff suggests that he was unable to pursue a civil rights lawsuit pertaining to these incidents because he was unable to communicate with his attorney. *Id.*

of cold temperatures, mental apathy, dementia, physical sluggishness, muscle aches, dry skin and hair, bleeding from dry skin, total loss of all hair below his waist, dangerously low blood pressure, coarsening of features, and a general slowing of normal metabolic functioning, as well as developing myxedema and incurring a hiatal hernia." *Id.* In approximately 2015, "one of the doctors joked that Plaintiff's sex life was not good, and he would have to put Plaintiff on dialysis." *Id.* Plaintiff complains that this "John Doe defendant doctor" did not adequately treat or diagnosis Plaintiff's serious medical needs. *Id.* Plaintiff also alleges that "Defendants'" policy or practice of only treating one medical complaint per sick visit has prevented Plaintiff from obtaining appropriate medical care. *Id.*

### Division of Counts

Based on the allegations of the Second Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit. **Any claims not addressed in this Order are considered dismissed without prejudice from this action**.

- **Count 1:** First Amendment denial of access to the courts claim against Unknown Party.

- **Count 2:** Eighth Amendment claim against Unknown Party for providing Plaintiff with inadequate access to hygiene products, clothing, and towels, causing one or more skin infections.

.

**Count 3:** Eighth Amendment claim against Unknown Party for feeding Plaintiff a soy-based diet.

**Count 4:** Eighth Amendment claim against Unknown Party for exhibiting deliberate indifference to Plaintiff's medical conditions, which Plaintiff associates with Menard's soy-based diet.

## Discussion

The Second Amended Complaint is problematic because it repeatedly states legal conclusions as if they were facts. Additionally, Plaintiff does not associate specific defendants with specific actions. Instead, Plaintiff directs claims against "Defendants" and/or generic groups of defendants. Plaintiff claims that these generic groups of defendants are subject to liability for violating his rights, but fails to describe how each individual was personally involved in the alleged constitutional violation. In fact, as far as the Court is able to discern, none of the 103 identified defendants is referenced in the body of the Second Amended Complaint.

Plaintiff's periodic reference to various John or Jane Does is also insufficient. For instance, with respect to Count 4, Plaintiff alleges that an unidentified "John Doe" doctor was deliberately indifferent to his medical needs. However, this individual is not identified as a defendant in the case caption or in Plaintiff's list of defendants. Plaintiff has included "Unidentified John and Jane Does" as a defendant in his list of defendants. But a plaintiff cannot simply place "Jane and John Does" in the caption and hope that these names will catch all claims without actors. Instead, Plaintiff must identify the Jane or John Doe as

9

much as possible and at least distinguish between different Does (for example, John Doe #1, physician that treated Plaintiff on x date).

Further, given the length of time covered by the allegations, the Court suspects that at least some of Plaintiff's claims are time barred under the relevant statute of limitations. The Court also suspects that Plaintiff's claims are improperly joined and are subject to severance pursuant to Federal Rules of Civil Procedure 18 and 20. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Given the above pleading deficiencies, the Court cannot discern what claims are being asserted as to each of the 103 defendants. This significantly interferes with the Court's ability to sever parties and claims as is appropriate. Accordingly, instead of immediately exercising its discretion and severing the unrelated, potentially deficient claims against different defendants into separate cases, resulting in a surplus of filing fees and potential strikes under 28 U.S.C. § 1915(g) for Plaintiff, the Court deems it appropriate to dismiss the Complaint.

Plaintiff shall be allowed an opportunity to submit an amended complaint, to correct the deficiencies in his pleading. If the amended complaint does not comply with Rule 8 or with the instructions below, if it fails to state a claim, or if Plaintiff does not submit an amended complaint, the entire case shall be dismissed with prejudice. Such a dismissal will count as a strike pursuant to § 1915(g).

**Third Amended Complaint**

If Plaintiff chooses to proceed with his claims in this action, he must file a Third Amended Complaint. However, he should only bring *related* claims against one group of defendants. This requires Plaintiff to choose which claims he will pursue in this action and omit all reference to unrelated claims against other defendants. *See Taylor v. Brown*, 787 F.3d 851 (7th Cir. 2015).

By omitting reference to improperly joined claims in his Third Amended Complaint, Plaintiff does not lose the right to pursue those claims. He may pursue them by filing a separate suit. *See Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) (holding that, in the case of misjoinder, courts can require a prisoner to "file separate complaints, each confined to one group of injuries and defendants"). If he chooses to go this route, Plaintiff will be required to pay a filing fee for each new lawsuit he brings. **He should also keep in mind matters pertaining to the statute of limitations**.

If Plaintiff instead chooses to bring all of his claims again in the Third Amended Complaint, this Court will sever unrelated claims against different defendants into separate actions if it determines that they are improperly joined in a single action. At that point, Plaintiff will have no say in the matter. The Court will open a new case for each set of unrelated claims and assess a filing fee in each case. The newly severed cases will be subject to preliminary review under 28 U.S.C. § 1915A and potentially a strike under § 1915(g).

With regard to severance, it appears that, at a minimum, the Court would have to sever Count 1, Count 2, and Counts 3-4 into three separate lawsuits.

**Disposition**

**IT IS HEREBY ORDERED** that the Second Amended Complaint (Doc. 11) is **DISMISSED** without prejudice for noncompliance with Rule 8 of the Federal Rules of Civil Procedure and for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his Third Amended Complaint **within 28 days** of the entry of this order. It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. He should label the pleading "Third Amended Complaint" and include Case Number 17-cv-1099-DRH. The amended complaint shall present each claim in a separate count, using the numbers as designated by the Court above. In each count, Plaintiff shall specify, by name,[3] each Defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. New individual Defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions. **Plaintiff should *include only related claims* against common defendants in his new complaint. Claims found to be unrelated against different defendants will be severed into new cases, new case**

---

[3] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification. Including a catch-all John/Jane Doe defendant in the case caption is not sufficient.

**numbers will be assigned, and additional filing fees will be assessed.**

Should Plaintiff fail to file his Third Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g) because he has yet to state a claim upon which relief may be granted.

An amended complaint supersedes and replaces the original Complaint, rendering the original Complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the Third Amended Complaint must contain all the relevant allegations in support of Plaintiffs' claims and must stand on its own, without reference to any other pleading. Should the Third Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the Third Amended Complaint. No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the Third Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail him a blank civil rights complaint form.

Finally, Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.05.15 14:00:08
-05'00'

**United States District Judge**