IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEFFREY BLANEY,
No. B80790,

      Plaintiff,

vs.                                     Case No. 17-cv-1099-DRH

SALVADOR GODINEZ, et al.,

      Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Jeffrey Blaney, presently incarcerated at Menard Correctional Center ("Menard"), brings this *pro se* action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

Plaintiff was originally one of several plaintiffs in a multi-plaintiff action filed by David Robert Bentz. *See Bentz v. Godinez,* No. 17-cv-315-MJR. After several case management orders, Plaintiff's claims were severed into a new action. (Doc. 1). The severance order directed Plaintiff to file a Second Amended Complaint on or before November 13, 2017. (Doc. 1, p. 5). Thereafter, Plaintiff requested and received two extensions to file his Second Amended Complaint. (Docs. 8 and 10).

In his Second Amended Complaint (Doc. 11), Plaintiff claimed that, since 1997, Menard officials had been denying him access to the courts. Plaintiff also attempted to bring Eighth Amendment claims pertaining to the soy-based diet

1

served at Menard (and the medical treatment he received for complications allegedly related to that diet) and Menard's provision of clothing and hygiene items. In connection with these claims, Plaintiff named 103 defendants. The Second Amended Complaint did not survive preliminary review and was dismissed with leave to amend. (Doc. 12).

Plaintiff's Third Amended Complaint (Doc. 21), which focuses solely on claims pertaining to denial of access to the courts, is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

## **Background – Underlying Criminal Matters[1]**

On November 11, 1996, an Illinois State Police Trooper pulled Plaintiff over for speeding. When the trooper approached Plaintiff's vehicle, Plaintiff leaned out of his car and shot him in the abdomen, below his bulletproof vest. The trooper

---

[1] In addition to considering the facts set out in a complaint, courts can take "[j]udicial notice of historical documents, documents contained in the public record, and reports of administrative bodies." *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998). In the instant case, the Court takes judicial notice of the criminal proceedings against Plaintiff in the Circuit Court of White County, Illinois (Case No. 96-cf-192), and on appeal, before the Illinois Appellate Court for the Fifth District (*People v. Blaney*, 324 Ill. App. 3d 221, 754 N.E.2d 405 (2001)). The Court also takes judicial notice of the criminal proceedings against Plaintiff in the Circuit Court of Virginia Beach, Virginia (Case Nos. 98-cr-3254 and 96-cr-3752), and on appeal before the Virginia Appellate Court (*Blaney v. Com.*, No. 2571-99-1, 2001 WL 316156, at *1 (Va. Ct. App. Apr. 3, 2001)). The information contained herein is taken from Plaintiff's Third Amended Complaint (Doc. 21, pp. 18-30; Doc. 21-1) and from the aforementioned criminal proceedings.

2

survived, and Plaintiff was subsequently arrested. Once in custody, Plaintiff told the police that he thought the trooper had on a bulletproof vest, and that he would not have shot him otherwise. He claimed that he just wanted to knock the trooper down, so he could get away. He also told the officers that if he wanted to kill the trooper, he would have gotten out of the car and "finished the job."

Following a jury trial in the circuit court of White County, Illinois (Case No. 96-cf-192), Plaintiff was convicted of attempted murder and sentenced to 45 years' imprisonment.[2] Plaintiff appealed his conviction and sentence to the Illinois Appellate Court, Fifth District, arguing (among other things) that he was denied a fair trial by the admission of other crimes evidence. Specifically, as is relevant here, the trial court admitted evidence pertaining to Plaintiff's involvement in another police shooting, on November 9, 1996, in Virginia Beach, Virginia. The Illinois Appellate Court affirmed Plaintiff's conviction and sentence, explaining as follows with respect to the disputed evidence:

> We agree that the evidence of the shooting in Virginia did not make a mere showing of propensity toward violence; rather, it was highly probative of identity, as well as defendant's intent and motive in committing the shooting. Clearly, the evidence's probative value to explain otherwise improbable behavior far outweighed any prejudice to defendant. We therefore find no abuse of the court's discretion in admitting evidence pertaining to the incident in Virginia.

*People v. Blaney*, 324 Ill. App. 3d 221, 224–25, 754 N.E.2d 405, 409 (2001).

In 1998, Plaintiff was extradited to face pending criminal charges in Virginia Beach, Virginia (Case Nos. 98-cr-3254 and 96-cr-3752). After a jury trial,

---

[2] Plaintiff was also convicted of armed violence and aggravated battery with a firearm. However, these convictions were subsequently vacated. *See People v. Blaney*, 324 Ill. App. 3d 221, 754 N.E.2d 405 (2001).

3

Plaintiff was convicted of statutory burglary, grand larceny, possession of burglary or larceny tools, and solicitation to commit malicious bodily injury.

## Third Amended Complaint

The Third Amended Complaint consists of 70 cramped, handwritten pages and directs allegations against 23 defendants located in both Virginia and Illinois. According to Plaintiff, Defendants are subject to liability for denying him access to the courts between 1997 and 2018 and/or for wrongfully extraditing him to face criminal charges in Virginia in 1998. The Third Amended Complaint includes numerous allegations detailing how various officials were involved in the allegedly unconstitutional conduct. The Court, however, will not delve into the factual specifics of every claim asserted in the Third Amended Complaint. This is because all of Plaintiff's claims, directly or indirectly, call into question one or more of his underlying criminal convictions. Accordingly, as is set forth more fully below, Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

## Discussion

Plaintiff contends that, in various ways over an approximate 20-year period, Defendants have denied him access to the courts. Although Plaintiff describes a wide range of allegedly unconstitutional conduct and alleges interference with a number of different lawsuits, all of his allegations are linked by a common thread; Plaintiff is attempting to claim he was hindered in his ability to have his Illinois and/or Virginia convictions overturned.

4

Such claims are clearly barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a prisoner is barred from pursuing a § 1983 claim when a "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. In *Hoard v. Reddy*, 175 F.3d 531 (7th Cir. 1999), and *Nance v. Vieregge*, 17 F.3d 589, 591 (7th Cir. 1998), the Seventh Circuit extended *Heck* to bar damages for denial of access-to-court claims where the alleged injury involved a challenge to the plaintiff's conviction. As the court explained in *Hoard*, "where the prisoner is complaining about being hindered in his efforts to get his conviction set aside, the hindrance is of no consequence if the conviction is valid, and so he cannot get damages until the conviction is invalidated." *Hoard*, 175 F.3d at 534; *see also Nance*, 147 F.3d at 591 ("[T]he holding in *Lewis* [*v. Casey*, 518 U.S. 343, 351 (1996)], that a claim based on deprivation of access to the courts requires proof of concrete injury, combined with the holding of Heck, means that a prisoner in [plaintiff's] position must have the judgment annulled before damages are available."). Pursuant to *Heck*, where a prisoner is complaining about being hindered in his efforts to get his conviction set aside, the hindrance is of no consequence if the conviction was valid, and he cannot get damages.

Plaintiff also appears to be seeking damages against individuals who allegedly wrongfully extradited him to face trial in Virginia. These claims fare no better. As long as Plaintiff's Virginia convictions remain intact, Plaintiff's related wrongful extradition claims are also barred by *Heck*. *See Knowlin v. Thompson,*

207 F.3d 907 (7th Cir. 2000).

### Pending Motions

All pending motions (Docs. 13 and 20) are **DENIED** as **MOOT**.

### Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice.** Plaintiff's constitutional claims are dismissed without prejudice as being barred by *Heck v. Humphrey*.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.* 150 F.3d 810, 811 (7th Cir. 1998). This dismissal is for failure to state a claim and counts as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g). *See Ward v. Akpore*, 702 F. App'x. 467 (7th Cir. 2017) (upholding district court's decision to dismiss complaint at screening for failure to state a claim and to assess a "strike" because claim was *Heck*-barred). *See also Cannon v. Newport*, 850 F.3d 303 (7th Cir. 2017) (upholding dismissal of complaint that included Heck-barred claim and resulted in the assessment of a "strike").

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133

F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2018.10.10 19:15:46 -05'00'

**United States District Judge**